**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NENG XING GAO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | Nos. 19-72047<br>20-71489<br>20-73604<br><br>Agency No. A209-218-683<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2021[**]

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

On July 16, 2019, the Board of Immigration Appeals (BIA) denied

Petitioner's appeal of an immigration judge's (IJ) decision denying his application

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum.[1]  Petitioner seeks review of that order; the BIA's April 29, 2020 order denying Petitioner's motion to remand or reopen, which the BIA treated as a motion to reconsider the July 16, 2019 order; and the BIA's order denying Petitioner's motion to reconsider its April 29, 2020 decision.

Petitioner challenges the BIA's and IJ's (collectively, agency) adverse credibility finding, which is reviewed for substantial evidence.  *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).  In considering "the totality of the circumstances," a factfinder "may base a credibility determination on" an applicant's "demeanor, candor, or responsiveness," the plausibility of the applicant's account, the consistency between various statements and other evidence of record, and any inaccuracies or falsehoods.  8 U.S.C. § 1158(b)(1)(B)(iii).  "[A]n inconsistency, inaccuracy, or falsehood" need not go "to the heart of the applicant's claim."  *Id.*

In making its adverse credibility determination, the agency considered, among other things, the inconsistencies between the Petitioner's written statement, his testimony, and his wife's affidavit regarding both the length of his hospital stay and the treatment he received.

In his written statement, Petitioner did not mention any hospital stay or any

---

[1]	Petitioner withdrew his claims of withholding of removal and Convention Against Torture protection.

lasting injuries, stating he thought his "suffering was over after the release." However, in his oral testimony, Petitioner stated that he was hospitalized for around "one hour" so his body could be examined and ointment could be applied to his bruises. But his wife wrote that he was hospitalized for "several days for treatments."

With regards to the inconsistency regarding the length of his hospital stay, his only response was that he was "malnutritioned [sic] so [he] was at the hospital IV." And he does not explain why he did not mention any lasting injuries or treatment in his written statement and only mentioned bruise ointment during his testimony. He argued before the BIA that he could have been confused when questioned before the IJ. But that does not address the incongruity between his written statement's silence concerning a hospital stay, his testimony of a one-hour visit, and his wife's statement that he was hospitalized for "several days." The agency noted the significant difference between one hour and several days. Gao's explanation does not compel a conclusion contrary to the agency's finding. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

The agency's consideration of his explanations demonstrates that it was not "cherry pick[ing] solely facts favoring an adverse credibility determination while ignoring facts that undermine that result." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). The serious inconsistencies were sufficient for the agency to

3

make an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We do not address the other bases relied upon by the agency including purported inconsistencies regarding the number of times he attended the house church and the lack of adequate corroboration.

The remainder of Petitioner's arguments were conditioned on our rejecting the agency's adverse credibility finding. But that adverse credibility finding, supported by substantial evidence, renders Gao ineligible for asylum, because without Gao's testimony, the remaining evidence in the record is insufficient to support Gao's claim. *See Yali Wang*, 861 F.3d at 1009. Thus, we do not consider whether the BIA failed to apply *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018), when considering claims of past persecution, whether the BIA erred by converting Petitioner's motion to reopen or remand into a motion to reconsider and denying that motion, nor whether the BIA erred by refusing to reconsider its denial of that motion.[2]

**PETITIONS DISMISSED IN PART AND DENIED IN PART.**

---

[2] To the extent Petitioner contends in his third petition that the BIA erred by refusing to reopen proceedings *sua sponte*, we lack jurisdiction to consider this argument. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823 (9th Cir. 2011). Because the BIA did not base its refusal "on a constitutionally or legally erroneous premise" here, the exception we announced in *Bonilla v. Lynch*, 840 F.3d 575 (9th Cir. 2016), does not apply. *Id.* at 592. Petitioner's motion for stay of removal requested a stay pending the disposition of his petition for review of the July 16, 2019 decision. As we deny that petition, we also dismiss the motion for a stay as moot.